# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

GOITOM SEGED,

    Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior-Warden Otay Mesa Detention Center, et al.,

    Respondents.

No. 3:26-cv-02564-BTM-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Goitom Seged's petition for a writ of habeas corpus.

**A.    Background**

Petitioner, a native and citizen of Ethiopia, entered the United States on September 7, 2025. Petitioner was determined to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), placed in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1), and taken into Immigration and Customs Enforcement custody pursuant to 8 U.S.C. § 1225(b)(1)(B). Petitioner was interviewed by an asylum officer. Petitioner received a negative credible fear determination by the asylum officer. An immigration judge (IJ), however, vacated that determination. On October 6, 2025, Petitioner was issued a Notice to Appear (NTA). The filing of the NTA initiated removal proceedings, pursuant to 8 U.S.C. § 1229a, against Petitioner, and those proceedings remain ongoing.

Petitioner claims that his detention has become unreasonably prolonged and that, accordingly, he is entitled to a bond hearing. The Government contends that this Court lacks jurisdiction under 8 U.S.C. § 1252(g), that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(1)(B), and that his detention is not unreasonably prolonged.

**B.    Discussion**

Because Petitioner is raising a constitutional challenge to the length of his detention without a bond hearing, this Court has habeas jurisdiction. *Nielsen v. Preap*, 586 U.S. 392, 401-02 (2019) (maintaining jurisdiction on appeal following district court decisions to review legal challenge to decision to deny bond hearings). This Court has jurisdiction because Petitioner is not challenging his removal, the execution of a removal order, or a discretionary decision by the Attorney General. *See id.*; *see also Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders.").

The Court holds that Petitioner's continued detention—lasting almost nine months—is unreasonably prolonged and, without a bond hearing, violates the Due Process Clause. To assess that issue, courts in this district look to the following six

factors:  (1) total length of detention to date; (2) likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.  *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 773-74 (S.D. Cal. 2020).

Petitioner has been detained for about nine months, and if he loses his immigration case, he plans to appeal to the BIA and the Ninth Circuit.  His detention could thus continue for an additional year or two.  Further, the conditions of Petitioner's confinement are akin to imprisonment.  *See Mingzhi Gao v. Larose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. Sep. 26, 2025) (explaining that "the conditions of confinement at Otay Mesa Detention Center are not dissimilar to criminal confinement").  The remaining factors are neutral.

Petitioner's continued detention is unreasonably prolonged and, without a bond hearing, is inconsistent with the right to due process.  *See Hamideh Sadeqi v. Larose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("[T]he Court finds that Petitioner's detention for over 11 months without a bond hearing under the circumstances of this case—and absent meaningful rebuttal by Respondents of Petitioner's analysis—has become unreasonable and violates due process."); *Masood v. Barr*, No. 19-cv-07623-JD, 2020 WL 95633 (N.D. Cal. Jan. 8, 2020) (granting bond hearing for a petitioner detained for nearly nine months); *Cabral v. Decker*, 331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018) (seven months); *Perez v. Decker*, No. 18-cv-5279, 2018 WL 3991497 (S.D.N.Y. Aug. 20, 2018) (nine months); *Brissett v. Decker*, 324 F. Supp. 3d 444, 452 (S.D.N.Y. 2018) (nine months).

Last, the Court finds unpersuasive the Government's reliance on *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), and *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953).  In *Thuraissigiam*, the Court held that the respondent, a noncitizen apprehended near the border shortly after unlawfully entering the country, had "only those rights regarding admission that Congress has provided by

3

statute." 591 U.S. at 107. The Court's holding applied to the noncitizen's "rights regarding *admission*." *Id.* (emphasis added). Here, however, Petitioner is raising a constitutional claim regarding his prolonged detention; because Petitioner's challenge does not relate to his admission, *Thuraissigiam* is inapposite. *See Mingzhi Gao*, 805 F. Supp. 3d at 1110 ("This Court likewise agrees with those district courts that interpret *Thuraissigiam* as circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*.").

In *Mezei*, the Court held that Mezei, a noncitizen "on the threshold of initial entry," was properly excluded from the United States. But the *Mezei* court was faced with "the special circumstances of a national emergency and the determination by the Attorney General that Mezei presented a threat to national security." *Rosales-Garcia v. Holland*, 322 F.3d 386, 413–14 (6th Cir. 2003). *Mezei* has no application here.

## C.   Conclusion

For the reasons stated, the petition for a writ of habeas corpus is granted. On or before June 9, 2026, unless Petitioner requests a continuance, the Government is ordered to grant Petitioner an individualized bond hearing before a fair, neutral, and open-minded IJ. The IJ shall consider where the Petitioner will reside, who any surety may be, the appropriateness of non-financial conditions, the nine factors for an IJ to consider in an individualized bond hearing as set forth in *Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024): (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States, and any other factors the IJ deems relevant in this particular case. *See also Matter of Guerra*, 24

I&N Dec. 37, 40 (BIA 2006). The burden is on the Government, by clear and convincing evidence, to establish that the Petitioner is a danger to the community or a risk of flight for which there are no conditions available to him that will deter such risk.

If the IJ denies bond, the judge must make specific findings as to why Petitioner is a danger to the community or a flight risk, and the Government must make the audio of the hearing available to Petitioner's counsel. If the Government fails to comply with this writ, Petitioner can apply to this Court for relief. The parties are ordered to provide a joint status report within forty-eight (48) hours of the bond hearing.

**IT IS SO ORDERED.**

Dated: May 26, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge